UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON WILLIAMS, #679516,

    Plaintiff,                                    Hon. Jane M. Beckering

v.                                                  Case No. 1:23-cv-124

UNKNOWN KETCHUM, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 27). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted and this action terminated.

## BACKGROUND

Plaintiff initiated this action against three Michigan Department of Corrections (MDOC) officials: (1) Warden Matt Macauley; (2) Corrections Officer Brent Ketchum; and (3) Corrections Officer Joshua Klein. (ECF No. 1). In his complaint, Plaintiff alleges the following.

On February 2, 2020, Plaintiff was involved in an altercation with three other inmates. Defendants Ketchum and Klein arrived "to control the inmates and get the fighting to cease." Plaintiff responded by "mak[ing] a retaliatory kick in the head or face towards one of his attackers." In response, Defendant Ketchum "threw Plaintiff

-1-

to the ground" and "[began] to punch Plaintiff in his head and face." Defendant Klein "just stood there and watched the beating take place." As a result of this incident, Plaintiff suffered a broken jaw and broken nose. Plaintiff alleges that (1) Defendant Ketchum used excessive force in violation of his Eighth Amendment rights; (2) Defendant Klein failed to protect him in violation of his Eighth Amendment rights; and (3) Defendant Macauley violated his rights because "he was in charge of the prison" when he was attacked.

Plaintiff's claims against Defendant Macauley were previously dismissed. (ECF No. 10-11). Likewise, Plaintiff's official capacity claims and claims for injunctive and declaratory relief against Defendants Klein and Ketchum were previously dismissed. (*Id.*). Defendants Klein and Ketchum now move for summary judgment on the ground that Plaintiff failed to properly exhaust his administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002).  Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  This obligation only extends, however, to such administrative remedies as are available.  *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid.*

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W

(Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

In support of their motion, Defendants have presented evidence that Plaintiff failed to pursue through all three steps of the grievance process any grievance against them regarding the allegations in question. (ECF No. 28, PageID.102-03, 116-17). In response to Defendants' motion, Plaintiff argues that Defendants have failed to produce evidence indicating that he "tried [to] resolve the issue before filing this lawsuit." (ECF No. 33, PageID.130).

Plaintiff, however, offers no specifics regarding the steps he allegedly took to exhaust his administrative remedies. Plaintiff offers no facts regarding the content of such grievances, against whom such were asserted, or when such grievances were allegedly submitted. As courts recognize, vague and unspecific statements by a prisoner that he attempted to exhaust his administrative remedies is insufficient to create a genuine dispute of fact on the question of exhaustion. *See, e.g., Belser v. James*,

2017 WL 5479595 at *2 (6th Cir., June 6, 2017); *Smith v. Brock*, 2023 WL 3871923 at *5 (W.D. Mich., Mar. 16, 2023) (prisoner's vague allegation that prison officials "destroyed" his grievances is insufficient to create a factual dispute where prisoner "does not state when he wrote the grievances, nor does he provide any information as to what they concerned"). Simply put, Plaintiff's vague, conclusory allegations are insufficient to create a genuine factual dispute on the issue of exhaustion.

Plaintiff's citation to Federal Rule of Civil Procedure 34, and the insinuation that Defendants are withholding evidence favorable to Plaintiff, is equally unpersuasive. Plaintiff has had the opportunity to conduct discovery. (ECF No. 29). Plaintiff has failed to argue, however, let alone demonstrate, that Defendants have failed to respond to any properly submitted discovery requests. Likewise, Plaintiff's reliance on Federal Rule of Civil Procedure 26(a)(1), regarding mandatory disclosures which parties must provide, is unavailing as Rule 26(a)(1) has no application to matters "brought without an attorney by a person in the custody of the United States, a state, or state subdivision." Fed. R. Civ. P. 26(a)(1)(B)(iv). Finally, to the extent Plaintiff's response is interpreted as advancing the argument that summary judgment is premature because he needs to conduct discovery, the result is the same because Plaintiff has failed to submit an affidavit or sworn declaration that "for specified reasons, [he] cannot present facts essential to justify [his] opposition" to Defendant's motion. *See* Fed. R. Civ. P. 56(d).

In sum, the undersigned finds that Defendants have satisfied their burden on the exhaustion question and, therefore, recommends that Defendants' motion be granted.

## CONCLUSION

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 27) be granted, Plaintiff's remaining claims against Defendants Klein and Ketchum be dismissed without prejudice, and this action terminated. For the same reasons the undersigned makes this recommendation, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 4, 2024        /s/ Phillip J. Green
                               PHILLIP J. GREEN
                               United States Magistrate Judge