UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEVON WILLIAMS,

    Plaintiff,

v.

UNKNOWN KETCHIM, et al.,

    Defendants.
_____/

Case No. 1:23-cv-124

HON. JANE M. BECKERING

## OPINION AND ORDER

On February 1, 2023, Plaintiff initiated this prisoner civil rights action against three Defendants, bringing claims for violation of his constitutional rights by Michigan Department of Corrections employees (ECF No. 1). On March 7, 2023, the Court issued an Opinion (ECF No. 10) and Order (ECF No. 11) dismissing one Defendant from this action. The parties engaged in mediation, but the case did not settle (ECF No. 21). On July 22, 2024, the remaining Defendants moved for summary judgment based on Plaintiff's alleged failure to exhaust his administrative remedies (ECF No. 27). This matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R) (ECF No. 34). The matter is presently before the Court on Plaintiff's objection (ECF No. 38) to the Report and Recommendation.[1] An objection to a magistrate judge's report and recommendation must "specifically identify the portions of the proposed findings, recommendations, or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the

---

[1] Plaintiff also filed, the same day as the Magistrate Judge issued the Report & Recommendation, a motion for summary judgment (ECF No. 35).

Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court issues this Opinion and Order, denies the Objection, and enters a Judgment closing this case.

In recommending that this Court grant Defendants' motion, the Magistrate Judge determined that there was no genuine issue of fact that Plaintiff failed to exhaust his administrative remedies in this case (R&R, ECF No. 34 at PageID.141). First, the Magistrate Judge described the MDOC grievance procedure (*id.* at PageID.139–40). The Magistrate Judge next concluded that Defendants presented evidence that Plaintiff did not complete the applicable grievance process (*id.* at PageID.140). Next, the Magistrate Judge concluded that Plaintiff did not put forth any facts in support of his conclusory allegations that he exhausted his administrative remedies, and thus that Plaintiff had not created a genuine issue of material fact on the issue of exhaustion (*id.* at PageID.141). Accordingly, the Magistrate Judge recommended that the Court grant Defendants' motion as to Plaintiff's claims and close this case (*id.* at PageID.142). The Magistrate Judge instructed that objections to the R&R must be filed with the Clerk of Court within the applicable time frame (*id.* at PageID.142).

Plaintiff filed a document entitled "Motion for Reconsideration" (ECF No. 38). Because the Report and Recommendation is not a ruling by the Court, a motion for reconsideration is not the appropriate vehicle for Plaintiff's argument. However, Plaintiff writes in his document that, "[i]n response to the Court order I OBJECT under Fed. R. Civ. pro. 46" (*id.* at PageID.158). Accordingly, the Court understands Plaintiff's document to be his objection to the Report and Recommendation and considers his argument as such.

Plaintiff's argument re-states the merits of his lawsuit and does not address the issue of exhaustion. Nor does it identify the portions of the Report and Recommendation to which Plaintiff objects. Plaintiff's motion is properly denied on this basis. *See* W.D. Mich. LCivR 72.3(b).

The Court does note that Plaintiff has attached a document entitled "affidavit" (ECF No. 38-1 at PageID.163). In that document, which Plaintiff signed, Plaintiff attests "I followed PLRA to my best ability I was placed in segregation for 20 something day's no one came to see me about my grievance I filed and I was road out to another prison" (*id.*). Plaintiff also attached a note, dated May 30, 2020, from Plaintiff to an unknown recipient (ECF No. 28-1 at PageID.164). In this note the Plaintiff inquires about his Step II grievance, stating he "didn't receive it back" and asking for it so that he can take further action (*id.*). An apparent response scrawled beneath the note instructs Plaintiff that, if he requires documentation of grievances "filed at another facility," he "need[s] to contact that facility" (*id.*).

Plaintiff's newly submitted documents do not demonstrate any error in the Magistrate Judge's reasoning or ultimate conclusion. In fact, Plaintiff seems to admit that, though he tried his best under his circumstances, he did not complete the three-step grievance process (ECF No. 38-1 at PageID.163) ("I followed PLRA to my best ability"). Moreover, to the extent that Plaintiff is attempting to raise a new issue—that, due to his being placed in segregation and/or being transferred to a new facility, no administrative remedies were available to him—that issue has not been timely raised. Although district courts must engage anew with issues raised after a magistrate judge's report and recommendation, the Sixth Circuit has generally articulated that "issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000)). Plaintiff's objection is therefore properly denied.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court.  Therefore:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 38) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 34) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (ECF No. 27) is GRANTED.

**IT IS FURTHER ORDERED** that Plaintiff's motion for summary judgment (ECF No. 35) is DIMISSED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Because this Opinion and Order resolves all pending claims, the Court will also enter a Judgment to close this case.  *See* FED. R. CIV. P. 58.


Dated:  November 26, 2024                       /s/ Jane M. Beckering
                                                JANE M. BECKERING
                                                United States District Judge